<hr />

## OCTOBER TERM, 1854.

### LEROY SIMS & BROTHERS v. EPHRAIM A. TALBOT.

T. filed his bill to attach a debt due by S. & Bros. to McI. & P., who were nonresident debtors of him (T.), alleging that the note, the evidence of the debt, had been fraudulently transferred by McI. & P., or one of them to one M., who had fraudulently transferred it to McN., both of whom being also nonresidents. S. & Bros. in their answer admitted the execution of the note to McI. & P., and the transfer to M. and by him to McN.; but they deny all knowledge of any fraud, and state that the indorsements were in due form. S. & Bros. set up by way of plea, that in the year 1849, McN. sued them by attachment on said note in the State of Tennessee, and recovered a judgment which is relied upon as a bar to their liability to this proceeding; and they also insist that the rights of the assignees of the note cannot be tried in this court, as they are non-residents, and have never had personal notice of the suit, and a decree against them would not prevent them from enforcing their judgment in Tennessee. P., one of the defendants, also answered admitting the facts stated in the bill, and that the note was fraudu-

Sims & Brothers *v.* Talbot.

lently assigned by his partner McI. A decree was entered that S. & Bros. pay B.'s debt, and awarded execution, enjoining McN. and all other persons connected with the transfer from collecting the money on the judgment in Tennessee. *Held*, that the court below had no power to treat the judgment rendered in Tennessee against S. & Bros. as invalid, and to decree that T. was not bound by it.

While the judgment in Tennessee remained in full force, it was, upon principles of international law, conclusive evidence of the rights of the plaintiff in this State, because such was its effect in the State where rendered; and under the federal constitution, it was entitled to the same validity and effect here that it had there : — *Held*, that S. & Bros. had a right to rely upon that judgment as a protection to them, because it was an adjudication of T.'s right to recover.

If the transfer of the note on which the judgment in Tennessee was founded, was fraudulent as to the creditors of the assignees, it was competent for T. to file a bill in the courts of Tennessee, and hold McN. liable as having received the money in fraud of the creditors of McI. & P.; and if S. & Bros. had not paid the judgment, they might have been also made defendants; by which proceeding justice might have been rendered to all parties interested. *Held*, that a decree in this State enjoining a judgment in another State, cannot have any force upon the courts of that State to arrest execution.

The indebtedness of S. & Bros. was merged in the judgment in favor of McN., and the original indebtedness cannot now be considered as existing.

IN error from the northern district chancery court at Holly Springs; Hon. Henry Dickinson, vice-chancellor.

Ephraim A. Talbot filed his foreign attachment bill in the court below against McIver & Palmer as his absent debtors, and against L. Sims & Brothers as home defendants, who were alleged to be indebted to McIver and Palmer. The original bill was filed on the 8th of January, 1849.

On the 14th of July, 1849, Talbot filed an amended bill, making James Moore and Philip McNeill, both non-residents, defendants in the cause, and alleging that a note, executed by L. Sims & Brothers to McIver and Palmer, had been fraudulently transferred by McIver, in the firm name of McIver & Palmer, to the defendant Moore, and that Moore had subsequently and fraudulently transferred the note to the defendant McNeill. The prayer of the bill was, that the said transfers of said note might be set aside as being fraudulent; that a decree might be made, requiring L. Sims & Brothers to pay Talbot

the amount of his claim against McIver & Palmer, and for general relief.

The bill as amended was taken for confessed as to the defendants McIver, Moore, and McNeill. Palmer answered, admitting all the allegations of the bill, except the allegation of his non-residence, which he did not admit or deny. L. Sims & Brothers filed their answer on the 8th of January, 1850. They admit that, on the 20th of December, 1848, they executed two notes to McIver & Palmer, one for $979, payable six months after date, and the other for $1,046.66, payable twelve months after date. They allege that they hold offsets against those notes to the amount of $517, acquired before the service upon them of the attachment, and before they had notice of the transfer of the notes. They state that the notes were handed by them to the defendant McIver, and were by him " some three or four days after their date," indorsed in the firm name of McIver & Palmer to the defendant Moore, and that Moore afterwards indorsed the note of $979 to the defendant McNeill. They deny all knowledge of the fraud charged in the bill against McIver, Moore, and McNeill. They call for proof of Talbot's claim against McIver & Palmer. They express their desire to pay off their notes as soon as they can safely do so, and their willingness to pay the money into court, provided the court will protect them against their liability upon the notes, though they question the power of the court to afford them that protection, inasmuch as they have property in Tennessee which is liable to attachment. They plead that the defendant McNeill, on the 25th of June, 1849, sued the defendants Leroy and John A. Sims by attachment, in the commercial and criminal court of Memphis, Tenn., upon the note for $979 held by him; that they replevied the property attached and defended the suit, but that McNeill, on the 28th of December, 1849, recovered a judgment against them for the full amount of that note; and they insist upon these facts as a bar to all the relief prayed for in the bill. They also state that McNeill has brought another suit against them on said note, which is still pending in the circuit court of Shelby county, Tennessee.

Talbot gave notice to McIver, Moore, and McNeill by pub-

lication in a newspaper, and proceeded to take the depositions of witnesses to prove his account against McIver & Palmer, and also that the assignments of the note of $979, by McIver to Moore, and by Moore to McNeill, were fraudulent.

L. Sims & Brothers filed their answer on the 8th of January, 1850. The final decree in the cause was pronounced on the 11th day of January, 1850. The argument of counsel in the cause was set down for hearing by the complainant below, at the. January term, 1850, of the court below.

The decree is in favor of Talbot, and authorizes an execution to issue against L. Sims & Brothers for the amount of Talbot's demand against McIver and Palmer, together with the costs of suit, directing that the same be credited upon the note of $979, or upon any judgment that may have been recovered upon that note, and enjoining McIver & Palmer, Moore, McNeill, and every other person claiming under them, from collecting from Sims & Brothers the amount thus directed to be credited upon the note or judgment.

From this decree, L. Sims & Brothers have presented their writ of error.

*Stearns* and *Glenn*, for appellants,

Contended the decree of the vice-chancellor was erroneous.

1. The cause was improperly placed upon the hearing docket, before it had been at issue five months. 59 Ch. Rule; *Russell* v. *Moffit*, 6 How. 303.

2. The bill charges that the note was made in Mississippi, but that allegation is not admitted, and there is no proof of the fact. The case stands, then, as if the allegation had never been made, or had been denied. *Gartman* v. *Jones*, 2 Cushm. 234.

3. In Virginia it has been decided, under a similar statute to our own, that a creditor at large without a judgment or decree could not be permitted to attach transactions between his absent debtor and third persons residing out of the State of Virginia upon the ground of fraud. *Kelso* v. *Blacklen*, 3 Leigh, 299. The same point has been decided in our State. 13 S. & M. 65.

On the question of the jurisdiction of the court below to pro-

nounce the decree complained of, see Story's Confl. of Laws, § 585, &c. (2d ed.).

No counsel for appellee.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed by the defendant in error in the district chancery court at Holly Springs, to attach a debt due by the plaintiffs in error to McIver & Palmer, non-resident debtors of the complainant, and alleging that the note, the evidence of the debt, had been fraudulently transferred by McIver & Palmer, or one of them, to one Moore, who also fraudulently transferred it to one McNiell, Moore and McNeill being also non-residents.

The answer of the Sims admits the execution of the note to McIver & Palmer, and the transfer of it to Moore, and by him to McNiell, but denies all knowledge of any fraud, and states that the indorsements were in due form in the name of the firm. It sets up by way of plea, that in the year 1849 McNeill sued them by attachment on the note in the State of Tennessee, and recovered judgment, which is relied upon as a bar to their liability to this proceeding. They also insist that the rights of the assignees of the note cannot be tried in this suit, as they are non-residents and have never had personal notice of the suit, and a decree against them would not prevent them from enforcing their judgment in Tennessee. Palmer, one of the defendants, also answered, admitting the facts stated by the complainant, and that the note was fraudulently assigned by his partner, McIver, for his own benefit. Proof was also taken to the same effect, and to establish the complainant's debt.

The chancellor decreed that Sims & Brothers pay the complainant's debt and awarded execution, and enjoined McNeill and all the other parties connected with the transfer of the note from collecting the money under the judgment in Tennessee. To this decree this writ of error is taken.

In examining this decree, the most prominent question that presents itself is, whether the court below had the power to treat the judgment rendered in Tennessee against the plaintiffs

in error as invalid, and to decree that the defendant in error was not bound by it.

It appears to us clear that no such power existed and that the decree cannot be maintained, on several grounds.

1. The judgment, as pleaded, was rendered in due form and by a competent tribunal. The right of the plaintiff to the note was the foundation on which it rested, and was necessarily involved in the determination of the suit. The judgment was, therefore, an adjudication of the right of the plaintiff to the note, and whilst it remained in full force it was, upon principles of international law, conclusive evidence of the right of the plaintiff in this State, because such was its effect in Tennessee, and under the provisions of the federal constitution it was entitled to the same credit, validity, and effect here, that it had there. This judgment the defendants had a perfect right to rely upon as a protection to them, because it was an adjudication of the plaintiff's right. Story's Confl. Laws, § 598. If it was obtained by fraud, or even if the transfer of the note on which it was founded was fraudulent as to the creditors of the assignors, it was competent for the complainant in this suit to file his bill in equity in Tennessee, and hold McNeill liable as having received the money of McIver & Palmer in fraud of their creditors, and to subject it to their debts. If Sims & Brothers had not paid the judgment, they might have been made defendants to the bill, and thus justice would have been done to the creditors, while the rights of Sims & Brothers would not have been prejudiced. But this could be done because the courts of Tennessee would have power to vacate the judgment by the proper proceeding, and to render it of no effect; a power which no foreign court can exercise to take effect in Tennessee. The plaintiff in the judgment, being a non-resident of this State, was not amenable to the chancery court here for the injunction, and it could not be enforced as to his person; nor could the decree enjoining the judgment have any force upon the court in Tennessee to arrest execution. It would, therefore, be inequitable to charge a party who had done nothing wrong in the matter with the payment of the debt here when a judgment had been rendered against him for the same debt in a foreign tribunal;

for this would be to compel him, when he had been guilty of no fault, to pay the debt twice.

We think, therefore, that under the circumstances here shown, and for the purposes of this suit, the indebtedness of the appellants to McIver & Palmer must be regarded as merged in the judgment in favor of McNeill, and that the original indebtedness cannot be considered as now existing.

2. It was not competent for the chancery court in a proceeding of this nature to investigate and set aside the title of McNeill to the note and judgment rendered upon it even if it had not been sanctioned by the adjudication in Tennessee. The object of the bill, the ground of the jurisdiction, was to condemn a debt alleged to be due by Sims & Brothers to McIver & Palmer to the payment of a debt due by them. When it appeared to the court that the real controversy was, whether the transfer to McNeill was fraudulent, and that the complainants' recovery involved the necessity of setting aside the title of McNeill as fraudulent, he being a non-resident and never having submitted himself to the court, the case assumed a wholly different aspect from the ground it occupied when instituted, and upon which the jurisdiction could be maintained. From an attachment in chancery, it had become transformed into a bill to set aside a fraudulent conveyance, made in another State and by parties not within the jurisdiction of the court, under a law not known to the court and which possibly might justify it, and when the decree setting aside the transfer would be utterly powerless to protect the rights of innocent parties. Such a proceeding shall not be maintained as incidental to the exercise of the jurisdiction vested by the purpose for which the bill was filed, because it involves the rights of strangers not within the jurisdiction, and is a departure from the ground upon which the jurisdiction should be exercised. *Berryman* v. *Sullivan*, 13 S. & M. 65. It would be vain and nugatory towards subjecting the fraudulently transferred property to the payment of the debt claimed against it, and would, in the present case, be efficacious only in unjustly compelling an honest debtor to pay the debt both to the party who had the judgment

in Tennessee and the attaching creditor here. And such a result could never receive the sanction of a court of equity.

The decree is reversed, and the bill dismissed, with costs.